UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIM ALBERTO,

    Plaintiff,

v.                                Case No:  2:14-cv-465-FtM-38DNF

FM HOTEL/OFFICE VENTURE, L.P.
(LTD),

    Defendant.
_____/

### **ORDER**[1]

This matter comes before the Court on the Plaintiff, Kim Alberto and the Defendant, FM Hotel/Office Ventures' Joint Stipulation for Dismissal with Prejudice (Doc. #26) filed on January 14, 2015.  It is clear under prevailing law that, ordinarily, entry of a Rule 41(a)(1)(A)(ii) stipulation is self-executing and divests the district court of jurisdiction. *See* Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272 (11th Cir.2012). But, despite the Eleventh Circuit Court of Appeal's discussion of stipulated dismissals in Anago Franchising, the express terms of Rule 41(a)(1) recognize that its self-executing nature is subject to "any applicable federal statute." Fed.R.Civ.P. 41(a)(1)(A); *See* Appleby v. Hickman Const., Inc., 2013 WL 1197758, *1 (N.D. Fla. March 25, 2013) (denying stipulated dismissal pursuant to Rule 41(a) because an FLSA settlement agreement must

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

be reviewed for fairness under Lynn's Food Stores, Inc. v. United States, 679 F. 2d 1350 (11th Cir. 1982)). The Eleventh Circuit has plainly stated that the FLSA's provisions are mandatory and are not subject to negotiation or bargaining between employers and employees. *See* Lynn's Food Stores, 679 F.2d at 1352–53.

The Eleventh Circuit explained in Lynn's Food Stores that the rights under the FLSA "cannot be abridged by contract or otherwise waived," Id. at 1352 (internal marks omitted), and, aside from a payment supervised by the Secretary of Labor, an FLSA claim can be settled or compromised only by court approval after "scrutinizing the settlement for fairness," Id. at 1353. Where the parties stipulate to dismissal without prejudice, the plaintiff is not foreclosed from refiling any FLSA claim at a later time, and thus, such a stipulated dismissal remains self-executing without contravening the FLSA. *See* PerezNunez v. N. Broward Hosp. Dist., 609 F. Supp. 2d 1319, 1320–21 (S.D. Fla. 2009). But, the FLSA's requirements regarding the compromise of an FLSA claim in the context of a suit brought by an employee dictate that where the parties seek dismissal of an FLSA claim with prejudice*,* the court must be satisfied that any compromise of FLSA rights is fair and reasonable. If the parties wish to have the employee's case dismissed with prejudice, they must demonstrate that no compromise occurred or present the court with a proposed settlement for a review of whether it is reasonable and fair under the standards set forth in Lynn's Food Stores. Therefore, the operation of Rule 41 is subject to the terms of the FLSA. Appleby, 2013 WL 1197758, at *1.

Here, nothing was submitted by the Parties that either no compromise occurred or that any such compromise is fair and reasonable under the circumstances. Accordingly, dismissal under Rule 41 does not end the matter, because without the Court's approval

pursuant to Lynn's Food Stores, the release of the FLSA claim would be unenforceable. Appleby, 2013 WL 1197758, at *1. As such, the parties are required to provide the Court with sufficient information regarding the settlement in order for the Court to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. Lynn's Food Stores, 679 F.2d at 1354-55.

Accordingly, it is now **ORDERED**:

The Plaintiff, Kim Alberto and the Defendant, FM Hotel/Office Ventures' Joint Stipulation for Dismissal with Prejudice (Doc. #26) is **DENIED**.

(1) The Parties shall submit a Joint Motion to Approve the Settlement with the settlement documents on or before **January 30, 2015**.

(2) The information should include a copy of the settlement agreement signed by all parties, a brief description of the terms of the settlement, the number of hours and lost wages originally claimed by the Plaintiff and whether or not the Plaintiffs claims were settled by compromise.

(3) With regard to attorney's fees, the Court recognizes the ruling in Bonetti v. Embarq. Mgmt. Co., 2009 WL 2371407 (M.D. Fla. Aug. 2009). Counsel should indicate whether the settlement of the attorney's fees was independent and in seriatim in order to forego the necessity of filing copies of billing records with their settlement documentation.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of January, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record